# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM STEPHENSON and
YOLANDA STEPHENSON,

        Plaintiffs,

        v.                                      Case No. 05-C-653

WILLIS NEAL, MICHAEL DEMSKI,
JAY A. UNORA, VALERIE A. HILL,
GRANT LANGLEY, LINDA BURKE,
KRISTINE M. HINRICHS, THOMAS WESSEL,
and MARTIN G. COLLINS,

        Defendants.

## **ORDER**

On June 16, 2005, plaintiffs William and Yolanda Stephenson filed a pro se complaint pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis. In the complaint, the plaintiffs assert that plaintiff Yolanda Stephenson was issued an order to perform certain work on her home in the City of Milwaukee. Plaintiff William Stephenson asserted that he is a joint owner of the home, but that neither the assistant city attorney, the municipal court judge or the other defendants recognized his interest in the property. The plaintiffs contended that the defendants' actions constituted harassment and intimidation.

By decision and order of June 24, 2005, the court concluded that the Rooker-Feldman[1] doctrine applied to the plaintiffs' complaint, thereby depriving this court of subject matter jurisdiction. On June 30, 2005, the plaintiffs filed a petition for reconsideration, stating that they are asserting a violation of their constitutional rights to defend their property. See

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Plaintiffs' Petition for Reconsideration [Petition] at 1. They further maintain that when the municipal court accepted a "not guilty" plea and a request for a pretrial, it was obligated to honor the plaintiffs' request. Id. at 3. They assert that they were denied their constitutional right to a pretrial and trial and also challenge the court's conclusion that it lacks jurisdiction in this case.

As the court pointed out in its June 24, 2005, decision, if the plaintiff in a federal action "claims injury at the hands of a state court due to its decision in a civil case, federal courts have no jurisdiction to hear the case; and the only appeal is to the Supreme Court after a final judgment by the highest state court. Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996). "A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993) (citations omitted).

The court has carefully reviewed the plaintiffs' petition for reconsideration. Although the court found that the plaintiffs were indigent for purposes of proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2), the court nonetheless had to determine whether it had jurisdiction to hear the case. Federal courts are courts of limited jurisdiction and may only hear a case if they have constitutional or statutory authority for federal jurisdiction. See Erwin Chemerinsky, Federal Jurisdiction at 248 (2nd ed. 1994).

The court is not unsympathetic to the plaintiffs' problems. However, the plaintiffs are basically challenging the decisions made in the plaintiffs' housing case in municipal court. Their claims are inextricably intertwined with the state court's judicial determinations. Wright v. Tackett, 39 F.3d 155, 157 (7th Cir. 1994). (Plaintiff's federal case against state court trial judge and other parties for allegedly conspiring to deprive him of his civil rights was barred under the Rooker-Feldman doctrine because the claims were inextricably intertwined with the

state court's denial of his request to intervene in foreclosure actions). With respect to defendants Martin Collins, Thomas Wessel, Willis Neal and Michael Demski, the court found that the complaint failed to state a federal constitutional claim against them.

Upon reconsideration, the plaintiffs' complaint must be dismissed for lack of subject matter jurisdiction. Therefore, the plaintiffs' petition for reconsideration will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiffs' petition for reconsideration be and hereby is **denied**.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2005.

BY THE COURT:

s/Lynn Adelman
LYNN ADELMAN
United States District Judge